UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DAVID PAUL,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 2:13-cv-14911<br>Honorable Laurie J. Michelson<br>Magistrate Judge Michael J. Hluchaniuk |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

Michael David Paul maintains that he cannot work and qualifies for social security disability benefits because of a number of physical and mental impairments. In 2012, an administrative law judge denied Paul's application for benefits, but the Social Security Administration's Appeals Council remanded the case to the administrative law judge to, among other things, further evaluate Paul's mental impairments and "obtain if warranted by the expanded record, supplemental evidence from a vocational expert[.]" (Administrative Record ("Tr.") at 108–09.) On remand, the administrative law judge again found that Paul was not disabled within the meaning of the Social Security Act. As to Paul's mental impairments, the ALJ found them not "severe" within the meaning of 20 C.F.R. §§ 404.1520(c) and 416.920(c). (Tr. 12–13.) Because the ALJ maintained his prior assessment of what Paul could still do despite his impairments (*compare* Tr. 14, *with* Tr. 98), the ALJ did not obtain new vocational expert testimony and instead relied on the vocational expert testimony about job availability from the initial hearing (*see* Tr 18). In September 2013, the ALJ's decision became the Defendant

Commissioner of Social Security's final disability determination when the Appeals Council denied a second review. (Tr. 1.)

Paul then filed this suit. (Dkt. 1.) His summary-judgment motion raised one issue. He argued that "based on the updated evidence that was submitted into the file [after the Appeals Council's remand] and the claimant's [additional] testimony, the ALJ should have obtained updated testimony from a vocational expert." (Dkt. 12, Pl.'s Mot. Summ. J. at 7.) Paul claimed that "there was evidence submitted regarding the claimant's mental impairment of depression, which is a non-exertional limitation. . . . This evidence should have been considered and presented to a vocational expert through hypothetical scenarios . . . ." (*Id.*) The Commissioner filed a summary-judgment motion disagreeing with this position. (*See generally* Dkt. 16, Def.'s Mot. Summ. J.)

This Court referred both summary-judgment motions to Magistrate Judge Michael J. Hluchaniuk. (Dtk. 3.) The magistrate judge recommends that the Court grant the Commissioner's motion and affirm the decision of the ALJ. (Dkt. 18, Report and Recommendation at 23.) In significant part, the magistrate judge reasons,

> A careful review of the ALJ's decision reveals that the ALJ considered the additional evidence and testimony presented at the second hearing, and that he determined that plaintiff's RFC (as determined as the first hearing) did not change based on that additional evidence. (Tr. 14-17). The ALJ thus did not err in relying on the vocational expert's testimony from the prior hearing. *See Paulson v. Astrue*, 368 Fed. Appx. 758, 760 (9th Cir. 2010) (holding that ALJ properly relied on the vocational expert testimony from a prior hearing based on an essentially identical RFC assessment). As the Commissioner properly points out, plaintiff does not assert, let alone develop, an argument challenging the ALJ's RFC assessment based on the updated evidence. . . . [P]laintiff cannot simply make bald claims that the ALJ erred, while leaving it to the Court to scour the record to support this claim. And, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation omitted); *see also Crocker v. Comm'r*

2

>  *of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. Mar. 9, 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted).

(Report and Recommendation at 20–22.)

Paul objects. (Dkt. 21, Pl.'s Objs.) He says that his argument "did not require the court to scour the record to support the case." (*Id.* at 2.) He argues that the issue of whether his mental impairments were presented to the vocational expert "is simplistic in nature" and "did not require further argument, as it is clear from the record that it was not done[.]" (*Id.* at 2–3.) Paul adds that his mental-health impairments could have resulted in a different outcome, and "though it is not the Court's job to make Plaintiff's arguments, it is the Court's job to consider all the evidence presented." (*Id.* at 3.)

Upon *de novo* review of the corresponding portion of the magistrate judge's report and recommendation, 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court will overrule Paul's objection and adopt the report. Paul misunderstands the magistrate judge's reasoning. The magistrate judge correctly explained that the ALJ considered the evidence pertaining to Paul's mental-health impairments and found that his prior residual-functional-capacity assessment of Paul was not affected by that evidence, and, thus, the ALJ relied on vocational-expert testimony from the prior hearing providing that there were jobs for someone with Paul's residual functional capacity. As the magistrate judge correctly reasoned, to demonstrate a flaw in the ALJ's logic, Paul needed to show that the residual-functional-capacity assessment should have included some mental-functioning limitations. But, said the magistrate judge, Paul made no developed argument in this regard. This Court agrees. Indeed, this Court's review of a mental-status evaluation of Paul in 2011 (Tr. 289–93) and another in 2013 (Tr. 534–38) suggests that substantial evidence supports the ALJ's omission of mental-

functioning limitations in the residual-functional-capacity assessment. Given that suggestion, it was incumbent upon Paul to point out the records supporting the inclusion of mental-functioning limitations in the residual-functional-capacity assessment. Paul did not do so. (*See* Pl.'s Mot. Summ. J. at 6–8.) So the magistrate judge was correct to find Paul's summary-judgment argument too underdeveloped to warrant reversal or remand. *Cf. McPherson*, 125 F.3d at 995–96; *Crocker*, 2010 WL 882831, at *6.

The Court thus ADOPTS the report and recommendation (Dkt. 18), DENIES Plaintiff's summary-judgment motion (Dkt. 12), and GRANTS the Commissioner's (Dkt. 16). A separate judgment will follow.

SO ORDERED.

                                         s/Laurie J. Michelson
                                         LAURIE J. MICHELSON
                                         UNITED STATES DISTRICT JUDGE

Dated: March 23, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 23, 2015.

                                         s/Jane Johnson
                                         Case Manager to
                                         Honorable Laurie J. Michelson